B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District Of Massachusetts

In re    John W. Coughlin, III                          ,        Case No. _    16-10168 -fjb

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than
for security, of the claim referenced in this evidence and notice.

| Dilks & Knopik, LLC | Nicole S. Bancroft |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent:

    35308 SE Center Street
    Snoqualmie WA 98065

| | |
|---|---|
| Court Claim # (if known): | 4 |
| Amount of Claim: | $2,201.50 |
| Date Claim Filed: | 5/12/2016 |

Phone:    425-836-5728

Last Four Digits of Acct #: _____

Phone:   (617) 898-7775

Last Four Digits of Acct #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best
of my knowledge and belief.

By:_____/s/ Brian J Dilks - President_____        Date:___11/1/2018_____
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# Dilks | & | Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of Wednesday, October 17, 2018 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and Nicole S. Bancroft with an address of c/o Judith Semonelli, 44 Loomis Street, Apt. 310A, Malden MA 02148 (the "Assignor").

## 1. Recitals

1.1.    Assignor is/was a properly named and lawful creditor in John W. Coughlin, III (16-10168 -fjb)  as filed in the District Of Massachusetts (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of $2,201.50 (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

1.2.    Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

1.3.    In the event that the Funds do not provide remittances to the assignee within 400 days of the assignment, transfer, or conveyance by Assignor then the account(s) so specified will revert all rights, title, and interest in the account(s) to the Assignor thereby ending any further collection efforts by the Assignee on the specified account(s) that did not provide remittance by the Assignee.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

## 2. Assignment of Interest.

2.1.    *Assets Assigned.* The assets herein assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Cases identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

2.2.    *Assignment of Interest.* As herein stated Assignor, hereby does assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee.

2.3.    *Consideration.* The consideration herein given by Assignee to Assignor shall be the sum of $ ▮▮▮▮ to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

On this _1st_ day of _November_ 2018. I certify that the preceding or attached document titled
( _Assignment   Agreement_ ),
( _4 pages_) is a true, accurate, complete and redacted copy of the original being held at
35308 SE Center Street, Snoqualmie, WA 98065

_____
Andrew T. Drake – Notary Public
My commission expires: September 9th, 2019



Page 1 of 4

2.4. *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

**3.      Closing.** The closing of the transaction herein shall be done immediately upon fulfillment of each party's obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration herein. Any closing costs shall be paid by the party incurring such costs.

**4.      Representations and Warranties.**

4.1     *Assignor.* Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the part of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay. Assignor has verified that all Funds are currently owned by Assignor.

4.2     *Assignee.* Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement.

**5   General Provisions.**

5.1     *Enforceability.* This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance with its terms except as may be limited by operation of law.

5.2     *Binding Effect.* The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

5.3     *Notices.* Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

5.4     *Headings.* All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

5.5     *Mutual Writing.* This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

5.6     *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

5.7   *Advice of Counsel.* Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

5.8   *Severability.* In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

5.9   *Choice of Law.* This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

5.10   *Time of the Essence.* The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.


Assignor: _____          Assignee: _____
          Nicole S. Bancroft                            Dilks & Knopik, LLC
                                                        Brian J Dilks - Member

# Dilks | & | Knopik

## NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, Nicole S. Bancroft ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds/claim(s).

The Assigned funds/claim(s):

Debtor: John W. Coughlin, III
Court: United States Bankruptcy Court - District Of Massachusetts
Case Number: 16-10168 -fjb
Chapter:
Original Creditor: Nicole S. Bancroft
Unclaimed Amount: $2,201.50
Claim #:
Purchase Price: $▮▮▮▮▮▮

CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Wednesday, October 17, 2018.

Nicole S. Bancroft